**NOT FOR PUBLICATION**

MAR 09 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN D. ROQUEMORE, | No. 08-56894 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00068-IEG-AJB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted March 5, 2010[**]
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and McNAMEE,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen M. McNamee, United States District Judge
for the District of Arizona, sitting by designation.

John D. Roquemore appeals the district court's decision affirming denial of his application for Disability Insurance Benefits and Supplemental Security Income by the Commissioner of Social Security. We affirm.

The administrative law judge (ALJ) offered clear and convincing reasons for rejecting Roquemore's pain testimony to the degree that it conflicted with his residual functional capacity (RFC). *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). Specifically, the ALJ noted that treatment of Roquemore's impairments had been conservative in nature, consisting of only medication and physical therapy; that he had been encouraged by health practitioners to get more exercise, including swimming, biking, and walking; and that the medical evidence in the record does not support the conclusion that Roquemore's condition limits his daily activities to the degree that he claimed. These reasons are supported by the record and identified which symptom testimony was not credible and what facts in the record led to that conclusion. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Roquemore argues that the ALJ erred by failing to consider the side effects of his medications. However, Roquemore fails to identify any objective evidence of side effects. He points only to his own subjective claims of drowsiness and decreased concentration. Nothing in the record suggests that Roquemore's ability

2

to work was affected by his medications. Therefore, the ALJ was not required to include a discussion of side effects. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function by function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary.").

Next, Roquemore argues that the ALJ's RFC determination was not based on substantial evidence. But Dr. Sabourin's June 2005 evaluation was consistent with the RFC found by the ALJ, as was an evaluation conducted by two state agency physicians. Dr. Gillick noted that Roquemore's right shoulder showed marked dysfunction, but ultimately concluded that Roquemore was still capable of performing light or sedentary work. Roquemore claims that the ALJ erred by failing to offer evidence that Dr. Gillick used the definition of light or sedentary work as it is understood by the Commissioner, yet points to nothing that would indicate that Dr. Gillick relied on a different definition. *Cf. Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) ("To establish eligibility for Social Security disability benefits, a claimant has the burden to prove he is disabled.").

Finally, Roquemore argues that the ALJ erred by relying exclusively on the Medical-Vocational Guidelines ("grids") in determining that he could perform

other work.  We disagree.  A vocational expert is not required when a claimant's nonexertional limitations are not "'sufficiently severe' as to significantly limit the range of work permitted by the claimant's exertional limitations."  *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007).  Here, the ALJ determined that Roquemore could occasionally climb, balance, stoop, kneel, crouch, and crawl, and that "other limitations would have very little or no effect on the unskilled occupational base, including the ability to ascent or descend scaffolding, poles and ropes."  He is thus able "[t]o perform substantially all of the exertional requirements of most sedentary and light jobs."  Social Security Ruling 83-14; *see also* Social Security Ruling 85-15 ("If a person can stoop occasionally . . . the sedentary and light occupational base is virtually intact.").

AFFIRMED.